**UNITED BONDING INSURANCE COMPANY, Plaintiff-Appellant,**

v.

**ASHWOOD CONSTRUCTION COMPANY, Pete Salemi, dba Central Excavating Company, Arrow Builder Supply Company, Air Compressor Rental Company, dba A. C. R. Equipment Company, Arturo Construction Company, and J. J. Turner, Inc., Defendants-Appellees.**

**Nos. 18853, 18854.**

United States Court of Appeals Sixth Circuit.

Aug. 11, 1969.

Owen C. Neff, Cleveland, Ohio, for appellant, Snyder, Neff & Chamberlin, Owen C. Neff, Cleveland, Ohio, of counsel.

Sheldon Berns, Cleveland, Ohio, for Ashwood Const. Co., Kahn, Kleinman, Yanowitz & Annan, Armond D. Arnson and Sheldon Berns, Cleveland, Ohio, of counsel.

Oscar J. Green, Cleveland, Ohio, for Pete Salemi d/b/a Central Excavating Co.

Russell J. Glorioso, Cleveland, Ohio, for Air Compressor Rental Co.

Gus J. Bahas, Cleveland, Ohio, for Arrow Builders Supply Co., Nadler, Sokolsky & Bahas, Cleveland, Ohio, on brief.

William T. Monroe, Stanley Kammer, John D. Cannell, Cleveland, Ohio, on briefs for appellees.

Before WEICK, Chief Judge, Mc-CREE, Circuit Judge, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

This case involves questions as to the liability of the surety, United Bonding Insurance Company (United), to its obligee, Ashwood Construction Company (Ashwood), and to subcontractors who furnished labor, material and necessary tools to the principal, Timzan, Inc. (Timzan), for certain construction in connection with the Brentwood Subdivision in Cuyahoga County, Ohio.

United was surety on bonds which were conditioned not only for the faithful performance of the construction contracts by the contractor Timzan but also for the payment of "all persons who have contracts directly with the Principal [Timzan] for labor and materials."

The contractor Timzan defaulted and United, Ashwood and Timzan entered into an agreement whereby United took over the performance of the construction contracts and agreed "to assume all of the obligations of Timzan under its various Construction Contracts."

About five weeks after entering into the take-over agreement, United advised Ashwood by telegram that the performance bonds which it had executed were "null and void from their inception" and it repudiated its liability not only on the bonds but also under the take-over agreement. On June 14, 1965, United filed its complaint for declaratory judgment in the District Court seeking a determination of its rights and liabilities.

The District Judge, who heard the case without a jury, held United liable under the bonds and the take-over agreement. He awarded damages to Ashwood for wilful breach of contract by United and rendered judgment against United in favor of subcontractors and persons who furnished labor, material and necessary tools in connection with performance of the contracts. United has appealed and Ashwood cross-appealed.

We have reviewed the extensive findings of fact of Chief Judge Kalbfleisch and find that they are supported by substantial evidence and are not clearly erroneous. Rule 52(a), Fed.R.Civ.P. His conclusions of law are correct.

The judgment of the District Court is therefore affirmed.